UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BILLY J. MEIER,

               Plaintiff,

      v.

SGT. AUSTIN (CLARK COUNTY
JAIL) and CLARK COUNTY
SHERIFF'S OFFICE (CUSTODY
BRANCH),

               Defendants.

CASE NO. 3:17-cv-05247-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: JUNE 8, 2018

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is defendants' motion for summary judgment. Dkt. 16.

Plaintiff Billy J. Meier filed a complaint alleging that his constitutional rights were violated when defendant "Sgt. Austin" "slammed" him into a wall, pulled his arm behind his back with "more force than necessary," and gave him a black eye. However, plaintiff has failed to exhaust his administrative remedies, and so the Court cannot grant relief on his claims. Further, plaintiff has provided no evidence that defendant Austin's actions were objectively

1    unreasonable because he has provided no evidence of any unlawful action other than the general

2    and unsubstantiated allegations in his complaint. Finally, plaintiff names the Clark County

3    Sheriff's Office (Custody Branch) ("Sheriff's Office") as a defendant, but the Sheriff's Office is

4    not a "person" under § 1983 and so cannot be liable. Reading the facts in the light most favorable

5    to plaintiff, the Court concludes that he has not stated a claim on which relief can be granted and

6    so the Court recommends that defendants' motion for summary judgment (Dkt. 16) be granted.

7    <center>**BACKGROUND and PROCEDURAL HISTORY**</center>

8          Plaintiff initially filed his complaint in April of 2017. Dkt. 1. He alleges that defendant

9    Austin violated his constitutional rights, but does not specifically name which right was allegedly

10    violated. Dkt. 3.

11          The parties do not dispute that, on February 22, 2017, defendant Austin and non-party

12    Hatcher entered plaintiff's cell for inspection. Dkt. 3 at 3; Dkts. 17, 18. Plaintiff and two other

13    prisoners were in the cell. *Id*. Upon inspection, Hatcher discovered two tumblers full of "pruno,"

14    a combination of water and food-waste left to ferment and produce alcohol. *Id*. Defendant Austin

15    also discovered a third tumbler of pruno. *Id*. When asked whose pruno it was, none of the

16    prisoners immediately answered, but plaintiff eventually admitted it was his. *Id*. Defendant

17    Austin issued an infraction and received instructions that plaintiff was to be re-housed. *Id*. Here,

18    plaintiff and defendants' accounts differ.

19          Plaintiff alleges in his complaint, with no supporting declarations, affidavits, or other

20    evidence, that defendant Austin returned to his cell and ordered plaintiff to "roll [his] shit up"

21    because he was being rehoused. Dkt. 3 at 3. Plaintiff stayed on the edge of his bunk, about to ask

22    defendant Austin a question, when defendant Austin and non-party Hatcher allegedly pulled

23    plaintiff from his bed. *Id*. Defendant Austin then allegedly "slammed" him against the wall and

24

1    pulled his arm behind his back "with more force than necessary considering the fact [he] wasn't

2    even struggling." *Id*. Defendant Austin also allegedly punched plaintiff in his left eye, causing a

3    black eye. *Id*.

4        Defendant Austin, in contrast, states that he returned to plaintiff's cell and ordered

5    plaintiff to pack up in preparation for re-housing. Dkt. 18. Plaintiff did not move and began to

6    become agitated. *Id*. Defendant Austin and non-party Hatcher placed their hands on plaintiff's

7    wrists, and plaintiff allegedly began to resist violently. *Id*. Eventually, defendant Austin was able

8    to restrain plaintiff without incident. *Id*. He states that plaintiff suffered no injury, and that

9    neither defendant Austin nor any other correctional officer hit or struck plaintiff. *Id*.

10       Defendants have submitted evidence that plaintiff had a black eye shortly after the

11   incident. Dkt. 20-7. However, defendants have also submitted evidence showing plaintiff striking

12   himself in the left-eye multiple times while he was alone in a holding cell, immediately after the

13   incident but before being examined by medical staff. Dkt. 20, Ex. 6.

14       Defendants filed a motion for summary judgment. Dkt. 16. Plaintiff did not file a

15   response or any additional evidence to support the assertions in his complaint, and defendants

16   have also not filed anything in addition. *See* Dkt.

17                          **STANDARD OF REVIEW**

18       The purpose of summary judgment is to avoid unnecessary trials when there is no dispute

19   over the material facts before the court and the moving party is entitled to judgment as a matter

20   of law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir. 1975), *overruled on other grounds*

21   *by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990).  The moving party is entitled

22   to summary judgment if the evidence produced by the parties permits only one conclusion.

23   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). To determine if summary judgment

24

1    is appropriate, the court must consider whether particular facts are material and whether there is

2    a genuine dispute as to the material facts left to be resolved. Fed. R. Civ. P. 56(c). The

3    materiality of a given fact is determined by the required elements of the substantive law under

4    which the claims are brought. *Anderson*, 477 U.S. at 248. Factual disputes that do not affect the

5    outcome of the suit under the governing law will not be considered. *Id.* Where there is a

6    complete failure of proof concerning an essential element of the non-moving party's case on

7    which the nonmoving party has the burden of proof, all other facts are rendered immaterial, and

8    the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S.

9    317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented

10   through the prism of the substantive evidentiary burden"). Further, if the nonmoving party bears

11   the burden of proof at trial, the moving party can prevail by pointing out that there is an absence

12   of evidence to support the nonmoving party's case. *Soremekun v. Thrifty Payless, Inc.*, 509 f.3d

13   978, 984 (9th Cir. 2007). However, when presented with a motion for summary judgment, the

14   court shall review the pleadings and evidence in the light most favorable to the nonmoving party,

15   *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro se complaint will be liberally construed

16   . . . ." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (*citing Estelle v. Gamble*, 429 U.S.

17   97, 106 (1976)) (other citation omitted).

18         Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing

19   the motion must do more than simply show that there is some metaphysical doubt as to the

20   material facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  The

21   opposing party cannot rest solely on his pleadings but must produce significant, probative

22   evidence in the form of affidavits, and/or admissible discovery material that would allow a

23   reasonable jury to find in his favor.  *Id.* at n.11; *Anderson*, 477 U.S. at 249-50. In other words,

24

REPORT AND RECOMMENDATION - 4

the purpose of summary judgment "is not to replace conclusory allegations of the complaint or

answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497

U.S. 871, 888 (1990). However, weighing of evidence and drawing legitimate inferences from

facts are jury functions, and not the function of the court. *See United Steel Workers of America*

*v. Phelps Dodge Corps.*, 865 F.2d 1539, 1542 (9th Cir. 1989).

**DISCUSSION**

**I.        Exhaustion of Administrative Remedies**

Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he must first

exhaust all available administrative remedies.  The Prison Litigation Reform Act of 1995

("PLRA"), 42 U.S.C. § 1997e(a) provides that: "[n]o action shall be brought with respect to

prison conditions under section 1983 of this title, or any other federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as

are available are exhausted."  Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v.*

*Churner*, 532 U.S. 731, 739 (2001).  All "available" remedies must be exhausted. *Id.* Plaintiffs

must not only file an appeal and exhaust all administrative appeals, but also must do so in a

timely manner. *Woodford v. Ngo*, 548 U.S. 81, 94 (2006). A plaintiff may not wait for the

deadline to pass on the administrative remedy and then file a suit in this court. To do so would be

to bypass the entire purpose of the PLRA. *Id*. Finally, claims that are not exhausted under the

PLRA must be dismissed, not stayed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Once the defendant proves that there was an available administrative remedy and the

offender failed to exhaust the available remedy, the burden shifts to the plaintiff.  The plaintiff

must show there was something about his particular claim that made the "existing and generally

available administrative remedies effectively unavailable to him." *Williams v. Paramo*, 775 F.3d

REPORT AND RECOMMENDATION - 5

1    1182,1191 (9th Cir. 2015) (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir.

2    1996)).

3         Defendants have alleged that plaintiff has not only failed to exhaust his administrative

4    remedies, but also that he has even failed to file an initial grievance. Dkt. 16 at 8. Though

5    plaintiff has filed nothing to show that he properly exhausted his remedies, defendants provided

6    excerpts of a deposition in which plaintiff alleged that he filed a grievance, but left the jail two

7    days later and never received a response. Dkt. 19-1 at 6-7. Read liberally, plaintiff appears to

8    argue that his transition from the jail to the Department of Corrections ("DOC") made it

9    impossible for him to complete his grievance process. *Id*. However, the exhaustion requirement

10   is not rendered inapplicable due only to a prisoner's transfer to another facility. *See*, *e.g.*, *May v.*

11   *Snaza*, No. C14-5695 RBL-KLS, 2014 WL 6505061 at *3 (W.D. Wash. 2014); *see also Medina*

12   *Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002); *Flourney v. Navarro*, 2008 WL

13   4184650 at *7 (C.D. Cal. 2008) (transfer from Los Angeles County Jail to California Department

14   of Corrections did not exempt prisoner from exhaustion requirement). A transfer to another

15   facility did not excuse plaintiff's requirement to exhaust his administrative remedies. Thus, even

16   if plaintiff did properly file his initial grievance, he still has not exhausted his administrative

17   remedies and has not shown that he was otherwise barred from exhaustion. Because plaintiff has

18   not exhausted his administrate remedies, the Court should not consider his claims. Therefore, the

19   Court recommends defendants' motion be granted and plaintiff's action dismissed.

20        Although the Court concludes, based on the available evidence, that plaintiff failed to

21   exhaust his administrative remedies, defendants have submitted an excerpt from plaintiff's

22   deposition, indicating he tried to file his grievance but defendants never processed it (Dkt. 19-1

23   at 6), and defendants have filed substantive briefing addressing plaintiff's claims (Dkt. 16).

24

1    Therefore, if the district court concludes that plaintiff is excused from exhausting his

2    administrative remedies, the Court will also analyze plaintiff's complaint on the merits.

3          **II.      Fourteenth Amendment Violations**

4          Because plaintiff was in the Clark County Jail during the alleged incident, it is unclear

5    whether plaintiff was a pretrial detainee or a prisoner at the time of his allegations. The due

6    process protections for pretrial detainees are "potentially more expansive" than those for

7    prisoners, so claims that fail for a pretrial detainee will necessarily fail for a prisoner. *Mediola-*

8    *Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) (citing *Kingsley v. Hendrickson*,

9    135 S. Ct. 2466, 2475 (2015)). Assuming he was a pretrial detainee, the Fourteenth

10    Amendment's Due Process Clause protects him by prohibiting the state from punishing him. *See*

11    *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Though plaintiff does not explicitly state which

12    right was allegedly infringed, his allegations of being thrown against a wall suggest allegations

13    of excessive force in violation of the Fourteenth Amendment.[1]

14          The Fourteenth Amendment's Due Process Clause protects pretrial detainees from

15    excessive force. *Kingsley*, 135 S. Ct. at 2470. Unlike Eighth Amendment excessive force claims

16    which require a showing of subjective intent (*see Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010)), to

17    prevail on a Fourteenth Amendment excessive force claim, "a pretrial detainee must show only

18    that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*,

19    135 S. Ct. at 2473. "[O]bjective reasonableness turns on the 'facts and circumstances of each

20    particular case,'" without regard to the officers' underlying intent or motivation. *Id.* (quoting

21    *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must weigh the circumstances from

22

23         [1] The Court notes defendants have based their motion for summary judgment on an Eighth Amendment conditions of confinement argument. Dkt.16. However, because the Court chooses to analyze this claim under the Fourteenth Amendment, the Court declines to adopt the analysis provided by defendants as to the Eighth

24    Amendment.

the viewpoint of a reasonable officer at the scene and "account for the legitimate interests that stem from the government's need to manage the facility in which the individual is detained, appropriately deferring to policies and practices that in the judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security." *Id.* (internal quotation and citation omitted). In assessing reasonableness, the Court may consider "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* In addition, the Court may examine the extent of a prisoner's injury when determining whether the force used was excessive. *Wilkins*, 559 U.S. at 37.

Plaintiff has alleged that he was thrown against his cell wall, had his arm pulled behind his back with more force than necessary, and was punched in the eye by defendant Austin. Dkt. 3 at 3. However, plaintiff has provided nothing except his own allegations in his complaint to support this assertion. He has not submitted affidavits, declarations, or any other form of evidence. The purpose of summary judgment is "not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. at 888. Because he will have the burden at trial, to survive summary judgment, plaintiff must provide probative evidence and may not simply rely on his pleadings. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586; *Soremekun*, 509 F.3d at 984. He has not done so here. Because plaintiff has failed to provide anything except his complaint, he has not supported his burden and shown that there is a dispute of material fact. Thus, summary judgment is appropriate.

Even taking plaintiff's complaint at face value, plaintiff has not shown that he suffered a Fourteenth Amendment excessive force violation. Plaintiff alleges that, after finding contraband pruno in his cell and after plaintiff admitted it was his, defendant Austin told him that he was being moved, grabbed his arm, "jerked [him] off of [his] bed and slammed him against the wall," and then "pulled" his arm behind his back "with more force than necessary considering . . . [he] wasn't even struggling." Dkt. 3 at 3. He alleges that defendant Austin punched him in the left eye and, as a result, he received a black eye. *Id*.

It is undisputed that, after the alleged incident, plaintiff was briefly taken to a holding cell before requesting a visit to medical. *See* Dkt. 16 at 4-5. Medical staff noted bruising around his eye. Dkt. 20-7 at 3. However, defendants have provided, and plaintiff has not disputed, evidence that plaintiff caused that harm himself – they have submitted a video of plaintiff repeatedly hitting his left eye while alone in his holding cell. Dkt. 20, Ex. 6. When parties have opposing stories, but one is blatantly contradicted by the record such that no reasonable jury would believe it, the Court should not adopt that version of events. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Here, plaintiff's allegation that defendant Austin gave him a black eye is directly contradicted by a video of plaintiff giving himself a black eye. Therefore, the Court declines to adopt that aspect of plaintiff's version of events.

Therefore, the Court recommends the motion for summary judgment (Dkt. 16) be granted as to defendant Austin.

### III.    Improper Defendants

42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. This definition includes municipalities, such as counties. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, courts have held that to bring an appropriate §

1    1983 action, plaintiff "must name the county or city itself as party to the action, and not the

2    particular municipal department or facility where the alleged violation occurred." *Osborne v.*

3    *Vancouver Police*, 2017 WL 1294573 at *9 (W.D. Wash. 2017); *see also Vance v. Santa Clara*

4    *Co.*, 928 F. Supp. 993, 996 (N.D. Cal. 1996); *Pressley v. San Diego Sheriff Central County Jail*,

5    2017 WL 4960221 at *3 (S.D. Cal. 2017); *Greenfield v. Brenner*, 2006 WL 776772 at *5 (E.D.

6    Wash. 2006). Further, claiming supervisory liability is not enough. A municipality may only be

7    held liable if its policies are the "moving force [behind] the constitutional violation." *City of*

8    *Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell*, 436 U.S. at 694). To recover,

9    Plaintiff must show that county employees or agents acted through an official custom or policy

10   that permits violation of Plaintiff's civil rights, or that the entity ratified the unlawful conduct.

11   *See Monell*, 436 U.S. at 690-91.

12        Plaintiff has named the Clark County Sheriff's Office (Custody Branch) ("Sheriff's

13   Office") as a defendant, alleging they were negligent in hiring employees who "act toward

14   inmates the way Sgt. Austin did." Dkt. 3 at 3. However, the Sheriff's Office is a municipal

15   department, not a municipality itself. Thus, it is not a "person" under § 1983 and plaintiff cannot

16   bring suit against it. Further, plaintiff only alleges negligent hiring practices. In order to hold an

17   entity liable under § 1983 for the actions of its employees, plaintiff must allege that the policies

18   or practices of the entity were the driving force behind the alleged constitutional violations. Here,

19   plaintiff has only alleged supervisory liability and has not demonstrated that Clark County or the

20   Sheriff's Office itself has a policy or practice that drove the alleged violations. Because of this,

21   the Sheriff's Office cannot be held liable under § 1983. Therefore, the Court recommends

22   defendants' motion for summary judgment be granted and the Sheriff's Office be dismissed.

23

24

## IV.    Qualified Immunity

Defendants also argue defendant Austin enjoys qualified immunity and so cannot be held liable. However, the Court has already recommended all claims be dismissed on their merits, and so will not make a determination on qualified immunity here.

### CONCLUSION

For the reasons set forth above, the Court recommends that defendants' motion for summary judgment (Dkt. 16) be granted and plaintiff's action dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 8, 2018** as noted in the caption.

Dated this 18th day of May, 2018.

J. Richard Creatura
United States Magistrate Judge